**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4588

DWIGHT ALEXANDER RUDISILL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Lacy H. Thornburg, District Judge.
(CR-98-212)

Submitted: April 28, 2000

Decided: May 15, 2000

Before LUTTIG and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

E. Fitzgerald Parnell, III, POYNER & SPRUILL, L.L.P., Charlotte,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, Brian Lee Whisler, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dwight Alexander Rudisill appeals his sentence of 300 months following his plea of guilty to a violation of 18 U.S.C.A. § 2119 (West Supp. 1999). Because "serious bodily injury" is an offense element that was not charged in the indictment or enumerated by the district court when advising Rudisill of the charges against him, we vacate Rudisill's sentence and remand for resentencing.

A waiver of the right to appeal is enforceable against a defendant so long as it is "the result of a knowing and intelligent decision to forego the right to appeal." United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). See also United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. See Wessells, 936 F.2d at 167-68; United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). However, waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum. See Marin, 961 F.2d at 496.

In Jones v. United States, 526 U.S. 227, 119 S. Ct. 1215 (1999), decided after Rudisill's plea colloquy but prior to his sentencing, the Supreme Court held that the subsections of 18 U.S.C.A. § 2119 establishing higher penalties set forth additional elements of the offense that must be charged in the indictment and submitted to a jury. See Jones, 119 S. Ct. at 1219. The count of the indictment to which Rudisill pled guilty does not reference a subsection of § 2119, nor does it state that Rudisill actually caused serious bodily injury.

The failure of an indictment to allege an essential element is not subject to harmless error analysis as it constitutes a "structural defect in the trial mechanism." United States v. Floresca, 38 F.3d 706, 711-

2

14 (4th Cir. 1994). See United States v. Spruill, 118 F.3d 221, 227 (4th Cir. 1997); United States v. Hooker, 841 F.2d 1225, 1228 (4th Cir. 1988). It is error for the district court to sentence a defendant where an indictment fails to allege an essential element of the offense and the district court fails to include the element when advising the defendant of the elements of the crime with which he is charged. See United States v. Davis, 184 F.3d 366, 371-72 n.5 (4th Cir. 1999).

Because the indictment alleges only the offense elements contained in 18 U.S.C.A. § 2119(1), and because Rudisill therefore pled guilty only to a violation of that section, we vacate the sentence erroneously imposed by the district court under 18 U.S.C.A.§ 2119(2), and remand for resentencing under 18 U.S.C.A. § 2119(1).

VACATED AND REMANDED

3